ROBERT D. HORN AND PEGGY P. HORN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horn v. Commissioner
Docket No. 25230-86.
United States Tax Court
T.C. Memo 1988-169; 1988 Tax Ct. Memo LEXIS 195; 55 T.C.M. (CCH) 663; T.C.M. (RIA) 88169; April 21, 1988; As amended April 21, 1988 *195 With respect to petitioner's 1976 and 1977 joint Federal income tax returns, there were underpayments of tax required to be shown on the returns, and all or part of these underpayments were due to fraud. On April 11, 1983, and April 18, 1986, respondent assessed additions to petitioners' Federal income taxes for 1976 and 1977, respectively, pursuant to sec. 6651(a)(1), (a)(2), I.R.C. 1954. On or before November 30, 1987, respondent abated these additions to tax. By notice of deficiency dated April 9, 1986, respondent determined that petitioners were liable for an addition to tax pursuant to sec. 6653(b), I.R.C. 1954, for each of the calendar years 1976 and 1977. Held, petitioners are liable for an addition to tax pursuant to sec. 6653(b), I.R.C. 1954, for each of the years in issue as determined by respondent. Richard S. Karam, for the petitioners. LeRoy D. Boyer, for the respondent. STERRETT
MEMORANDUM OPINION *196 STERRETT, Chief Judge:* By notice of deficiency dated April 9, 1986, respondent determined that petitioners were liable for an addition to tax pursuant to section 6653(b)[1] for each of the calendar years 1976 and 1977 in the amounts of $ 2,742.12 and $ 4,098.50, respectively. The only issue for decision in this case is whether petitioners are liable for an addition to tax under section 6653(b) for each of the years in issue as determined by respondent. The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. *197 Petitioners Robert D. Horn and Peggy P. Horn were husband and wife during the years in issue and, at the time they filed the petition in this case, resided in Oklahoma City, Oklahoma, and Shawnee, Oklahoma, respectively. They filed their joint Federal income tax returns for the years in issue with the Office of the Internal Revenue Service in Austin, Texas. On April 11, 1983, and April 18, 1983, petitioners filed their joint Federal income tax returns for calendar years 1976 and 1977, respectively. Petitioners did not seek an extension of time in which to file these returns. With respect to the 1976 return, there was an underpayment of tax required to be shown on the return in the amount of $ 5,484.23; with respect to the 1977 return, there was an underpayment of tax required to be shown on the return in the amount of $ 8,197. All or part of these underpayments were due to fraud. On April 11, 1983, and April 18, 1986, respondent assessed additions to petitioners' Federal income taxes for 1976 and 1977, respectively, pursuant to section 6651(a)(1) and (a)(2). On or before November 30, 1987, respondent abated these additions to tax. [2]
*198 In his notice of deficiency, respondent determined that petitioners were liable for an addition to tax pursuant to section 6653(b) for each of the years in question. Since petitioners have stipulated that all or part of the underpayments of tax required to be shown on their 1976 and 1977 Federal income tax returns were due to fraud, it would seem that respondent's determination must be sustained. Petitioners contend, however, that respondent cannot assess an addition to tax pursuant to section 6653(b) "while there is a delinquency penalty under the provisions of I.R.C. § 6651 still outstanding and unabated." [3] While this contention, in the abstract, may be true, we note that the record in this case does not reflect that "there is a delinquency penalty under the provisions of I.R.C. § 6651 still outstanding and unabated." To the contrary, the record establishes that respondent abated the section 6651(a) additions to tax on or before November 30, 1987. consequently, since petitioners make no other argument in this case, and since we perceive no reason why respondent cannot assess an addition to petitioners' tax pursuant to section *199 6653(b) for each of the years in issue, we sustain respondent's determination. Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned to the Chief Judge for opinion and decision. ↩
1. Unless otherwise indicated, all sections referred to are sections of the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all rules referred to are rules of the Tax Court Rules of Practice and Procedure. ↩
2. The stipulation simply states that "On November 30, 1987 * * * [respondent] initiated the necessary computer action to cause abatement of the I.R.C. §§ 6651(a)(1) and 6651(a)(2)↩ additions to taxes for the taxable years 1976 and 1977." However, an exhibit attached to the stipulation states that these additions to tax were abated as of November 30, 1987, and petitioners do not dispute the accuracy of this statement. 3. Sec. 6653(d) provides that -- (d) No Delinquency Penalty If Fraud Assessed. -- If any penalty is assessed under subsection (b) (relating to fraud) for an underpayment of tax which is required to be shown on a return, no penalty under section 6651↩ (relating to failure to file such return or pay tax) shall be assessed with respect to the same underpayment.